JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-10875 PA (PVCx) | Date | December 16, 2025 |
|---|---|---|---|
| Title | See You Soon LLC v. Run Direct, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS—ORDER

On November 18, 2025, the Court ordered plaintiff See You Soon LLC ("Plaintiff") to show cause in writing why this action should not be dismissed without prejudice based on the inability of a limited liability company to represent itself pro se. (Docket No. 12.) The Court explained that the Local Rules prohibit pro se plaintiffs from pursuing claims on behalf of others, including a limited liability company, in a representative capacity, and ordered Plaintiff to show cause why this action should not be dismissed. (Id.) The Court's November 18, 2025 Minute Order specifically warned Plaintiff that failure to adequately respond to that order "may result in the dismissal of this action without prejudice. (Id.) Although Plaintiff's response, or the filing of a Notice of Appearance by an Attorney, was due by no later than December 2, 2025, Plaintiff has failed to file a response to the Court's Order to Show Cause.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. Proc. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999).

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-10875 PA (PVCx) | Date | December 16, 2025 |
|---|---|---|---|
| Title | See You Soon LLC v. Run Direct, Inc. | | |

(internal citations omitted) (citing Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor.  Id.

      Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id.  The third Henderson factor is neutral because Defendant has yet to appear.

      In considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was warned about the consequences of failing to respond by the date set by the Court.  Nevertheless, Plaintiff has failed to respond.  It therefore appears that Plaintiff has abandoned its efforts to comply with the Court's orders or prosecute this action.  Additionally, the Court intends to dismiss this action without prejudice.  Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

      For all of the foregoing reasons, Court dismisses this action without prejudice for failure to comply with this Court's Orders and for lack of prosecution.  See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.

      IT IS SO ORDERED.